**EXHIBIT B**

# RULES, BY-LAWS AND ORGANIZATION CERTIFICATE OF THE DEPOSITORY TRUST COMPANY

## INDEX

| | | Page |
|---|---|---|
| RULE 1 | DEFINITIONS | 1 |
| RULE 2 | PARTICIPANTS AND PLEDGEES | 19 |
| RULE 3 | PARTICIPANTS QUALIFICATIONS | 26 |
| RULE 4 | PARTICIPANTS FUND AND PARTICIPANTS INVESTMENT | 27 |
| RULE 4(A) | PLEDGE OF PROPERTY TO THE CORPORATION AND ITS LENDERS | 36 |
| RULE 5 | ELIGIBLE SECURITIES | 39 |
| RULE 6 | SERVICES | 41 |
| RULE 7 | PARTICIPANT REPRESENTATIVES | 46 |
| RULE 8 | DELIVERIES OF NOTIFICATIONS AMONG PARTICIPANTS AND PLEDGEES | 47 |
| RULE 9(A) | TRANSACTIONS IN SECURITIES AND MONEY PAYMENTS | 48 |
| RULE 9(B) | TRANSACTIONS IN ELIGIBLE SECURITIES | 50 |
| RULE 9(C) | TRANSACTIONS IN MMI SECURITIES | 56 |
| RULE 9(D) | SETTLING BANKS | 59 |
| RULE 9(E) | CLEARING AGENCY AGREEMENTS | 61 |
| RULE 10 | DISCRETIONARY TERMINATION | 62 |
| RULE 11 | MANDATORY TERMINATION | 66 |
| RULE 12 | INSOLVENCY | 67 |
| RULE 13 | REINSTATEMENT | 70 |

|  |  | Page |
|---|---|---|
| RULE 14 | INSURANCE | 71 |
| RULE 15 | REPORTS | 72 |
| RULE 16 | LISTS TO BE MAINTAINED | 73 |
| RULE 17 | ADMISSION TO PREMISES | 74 |
| RULE 18 | WAIVER OR SUSPENSION OF RULES AND PROCEDURES | 75 |
| RULE 19 | NOTICE OF PROPOSED RULE CHANGES | 76 |
| RULE 20 | CHARGES FOR SERVICES RENDERED | 77 |
| RULE 21 | DISCIPLINARY SANCTIONS | 78 |
| RULE 22 | RIGHT TO CONTEST DECISIONS | 79 |
| RULE 23 | BILLS RENDERED | 82 |
| RULE 24 | FORMS | 83 |
| RULE 25 | BUSINESS DAYS | 84 |
| RULE 26 | FACSIMILE SIGNATURES | 85 |
| RULE 27 | PROCEDURES | 86 |
| RULE 28 | DELEGATION | 87 |
| RULE 29 | CAPTIONS | 88 |
| RULE 30 | CANADIAN-LINK SERVICE | 89 |
| RULE 31 | DTCC SHAREHOLDERS AGREEMENT | 107 |
|  | POLICY STATEMENTS | 108 |
|  | BY-LAWS | 111 |
|  | ORGANIZATION CERTIFICATE | 122 |

# RULE 5

## ELIGIBLE SECURITIES

*Section 1.* An Eligible Security shall only be a Security accepted by the Corporation, in its sole discretion, as an Eligible Security. The Corporation shall accept a Security as an Eligible Security only (a) upon a determination by the Corporation that it has the operational capability and can obtain information regarding the Security necessary to permit it to provide its services to Participants and Pledgees when such Security is Deposited and (b) upon such inquiry, or based upon such criteria, as the Corporation may, in its sole discretion, determine from time to time. The timing of additions of such issues shall be on a nondiscriminatory basis consistent with the Corporation's objective to provide the maximum practical degree of service in facilitating the prompt and orderly settlement of Securities transactions.

MMI Securities shall only be those money market instruments which meet the requirements of the preceding paragraph and which, in the sole discretion of the Corporation, are designated as eligible for the MMI Program as specified in the Procedures.

Participants and Pledgees shall not have credited, or continue to have credited, to their accounts at the Corporation, or seek to have the Corporation accept as an Eligible Security, any Security of an issuer that is listed on the Office of Foreign Assets Control ("OFAC") issuer list distributed by the U.S. Department of the Treasury, or of an issuer that is incorporated in a country that is on the OFAC list of "pariah" countries.

*Section 2.* An Eligible Security which the Corporation in its sole discretion, determines no longer meets the requirements of Section 1 of this Rule shall cease to be an Eligible Security. In addition, the Corporation may determine that an Eligible Security shall cease to be such in the event that (a) it shall have been suspended from being traded over-the-counter by the SEC pursuant to Section 15(c)(5) of the Exchange Act or from being traded on any national securities exchange, (b) the Board of Directors finds (i) that the level of activity concerning the Security during the period of three consecutive months preceding that determination is insufficient to produce benefits commensurate with the costs for Participants arising from its continued inclusion or (ii) that the availability of certificates representing the Security has been insufficient to permit the Corporation to render its services to Participants or Pledgees in respect thereof, (c) the Corporation determines that the Security must be exchanged for, or will be converted into, another Security which is not an Eligible Security or (d) the Security is subject to a tender offer or an exchange offer.

With respect to MMI Securities whose eligibility is premised (in whole or in part) on a published credit rating, if the rating of a particular MMI Security is lowered by a rating agency, as specified in the Procedures, or if the issuer of an MMI Security becomes insolvent, as defined in Rule 12 and as specified in the Procedures, or if there is a Payment Refusal, as provided in Rule 9(C) and as specified in the Procedures, the Corporation may, in its sole discretion and as specified in the Procedures, terminate eligibility and discharge that MMI Security from the MMI Program, or maintain eligibility but Devalue that MMI Security within the MMI Program. Any

such termination of eligibility or discharge or Devaluation shall be purely internal to the Corporation and the MMI Program and shall not be construed or deemed to reflect any independent credit judgment of the Corporation as to the MMI Security, the issuer, the MMI Issuing Agent or the MMI Paying Agent; a termination of eligibility or discharge or Devaluation is not intended to affect the underlying rights and obligations of parties to transactions in the MMI Security, subject to applicable law, rules and regulations, agreements or any subsequent adjudication thereof.

Notwithstanding any of the foregoing, and further to the purpose of the preceding paragraph, any Security (including any MMI Security) shall cease to be an Eligible Security as provided in the two preceding paragraphs or upon a finding by the Corporation, in its judgment, that the continued eligibility of the Security might endanger the financial condition of the Corporation, other Participants or Pledgees.

*Section 3.*   If the Corporation refuses to accept a Security as an Eligible Security or determines that an Eligible Security shall cease to be such, the Corporation shall give notice thereof to all Participants and Pledgees, and from and after the effective date specified in the notice, the Corporation shall cease to render any service with respect to the Security. A refusal to accept a Security as an Eligible Security or a determination that an Eligible Security shall cease to be such shall be subject to appeal under Rule 22 by any Participant or the issuer of the Security; provided, however, that in the case of the MMI Program, if a Security does not satisfy the published credit rating criteria applicable to eligibility for the MMI Program, as specified in the Procedures, or if the issuer thereof is insolvent, as defined in Rule 12 and as specified in the Procedures, or if there is a Payment Refusal with respect thereto, as provided in Rule 9(C) and as specified in the Procedures, then a refusal to accept a Security as an MMI Security or a determination that an MMI Security shall cease to be such shall not be subject to appeal.

# RULE 6

## SERVICES

Subject to the provisions of these Rules and the Procedures, the Corporation, acting in accordance with duly authorized instructions from the Participant or Participants and the Pledgee or Pledgees, if any, having an interest in the transaction, shall: accept Eligible Securities from Participants for Deposit with the Corporation; credit the Account of a Participant with the Securities it Deposits with the Corporation prior to such time as the registration of the transfer thereof into the name of the Corporation's nominee is effected unless (a) the Corporation rejects the Deposit due to its determination, in its sole discretion, that the Securities Deposited are not in proper form for registration of transfer or (b) the Securities are part of an issue with respect to which the Corporation, by reason of the historical transfer performance of the issuer thereof or the transfer agent therefor, shall have, at least ten Business Days prior to the day of the deposit, given notice to Participants and the SEC that it will not credit the Accounts of Participants which Deposit Securities of that issue until such time as it determines that the registration of the transfer thereof into the name of the Corporation's nominee has been effected, in which event such credit shall be effected upon the Corporation's determination that such registration of transfer has been effected; effect transfers by a Participant of its Deposited Securities to another Participant or Participants; effect Pledges by a Participant of its Deposited Securities to a Pledgee or Pledgees and effect the release of such Pledges, except that if the Corporation has not made a determination that a specific issue of Securities may lawfully be the subject of a Pledge by book-entry or if the Corporation has designated Deposited Securities of such issue as ineligible for Pledge through its facilities, the Corporation shall not be obligated to effect Pledges of such Deposited Securities; Deliver to a Participant or its designee a Participant's Deposited Securities (x) registered in the name of and endorsed by the Corporation's nominee, (y) endorsed to the Corporation's nominee and endorsed by the Corporation's nominee or (z) subject to the availability of transfer services, registered in the name of such Participant or its designee; deliver dividends, distributions, rights, securities, proxy material and other property or documents received by the Corporation with respect to a Participant's Deposited Securities or Pledged Securities, except as provided below in this Rule or in the Procedures; disburse money to, and receive money from, Participants and Pledgees on behalf of other Participants or Pledgees in connection with related Securities transactions; and acting on its own or by appropriate instruction, provide to Participants and Pledgees information and statements of account regarding their business with the Corporation. Such transactions shall be effected in accordance with the By-Laws, these Rules and the Procedures.

The Corporation may also provide such other services as are consistent with the purposes and powers of the Corporation; provided, however, that the Corporation shall not initiate any change in the nature of, or any service other than, the services specified in the first paragraph of this Rule without first notifying the SEC thereof.

The Corporation may limit certain securities to particular issues of Eligible Securities.

Any or all Deposited Securities or Pledged Securities may be required by the Corporation to be removed from the Account of a Participant or Pledgee by Delivery of such Securities to such Participant or Pledgee outside the facilities of the Corporation when the Corporation in its discretion deems such removal necessary or expedient.

If the Corporation or its nominee is unable to exercise voting rights as contemplated by the Procedures as to all Deposited Securities and Pledged Securities of a given Eligible Security due to limitations imposed by law or the issuer on the exercise of voting rights by the Corporation's nominee, the Corporation shall have no obligation to Participants, Pledgees or others to provide for the exercise of any such voting rights.

In consideration of the Corporation's Delivery to a Participant or its designee of the Participant's Deposited Securities registered in the name of and endorsed by the Corporation's nominee, the Participant shall indemnify the Corporation and its nominee against all loss, liability and expense which they may sustain, without fault on the Corporation's or such nominee's part, as a result of such Securities being registered in the name of such nominee, including (a) assessments, (b) losses, liabilities and expenses arising from claims of third parties and from taxes and other governmental charges, (c) related expenses with respect to any such Securities, (d) the inability of any Person entitled to exercise any rights with respect to such Securities (including, but not limited to, voting rights, dissenters' rights, rights to purchase other Securities or exchange or conversion rights) so to exercise such rights or exercise such rights on a timely basis and (e) the inability of any such Person entitled to dividends or other distributions with respect to such Securities to obtain such dividends or other distributions on a timely basis.

Any instruction given to the Corporation by a Participant or Pledgee or by the Special Representative (as hereinafter defined in this Rule) shall be deemed to be an undertaking to the Corporation by such Participant, the Participant on behalf of which the Special Representative is acting or such Pledgee that it has and shall maintain sufficient Securities balances in its Accounts to support all transactions specified in such instruction.

Any instruction given to the Corporation by the Special Representative on any Business Day to Deliver Securities from the Account of the Special Representative to the Account of a Participant shall not be effective, and any entry made by the Corporation in accordance with such instruction shall not be final, until the "effective time" (as defined in the Rules and Procedures of NSCC) on such Business Day.

The Corporation may accept or rely upon any instruction given to the Corporation by a Participant or Pledgee, including any instruction given by physical delivery or delivery by other means such as wire transmission, facsimile copy, magnetic tape or other recording media, in form acceptable to the Corporation and in accordance with the Procedures, which reasonably is understood by the Corporation to have been given to the Corporation by the Participant or Pledgee, and the Corporation shall have no responsibility or liability for any errors which may occur, without negligence on the Corporation's part, in the course of transmission or recording of any transmissions or which may exist in any document, magnetic tape or other recording media so delivered to the Corporation.

The Corporation may accept and rely upon any instruction given to the Corporation by the Special Representative, including any instruction given by physical delivery or delivery by other means such as wire transmission, facsimile copy, magnetic tape or other recording media, in form acceptable to the Corporation in accordance with the Procedures, which reasonably is understood by the Corporation to have been given to the Corporation by the Special Representative, provided that such instruction relates only to the transfer of Securities from the Account of a Participant to the Account of the Special Representative, and the Corporation shall have no responsibility or liability for any errors which may occur, without fault on the Corporation's part, in the course of transmission or recording of transmission or which may exist in any document, magnetic tape or other recording media so delivered to the Corporation, and the Corporation shall be entitled to act pursuant to any such instruction as though such instruction had been received from the Participant from whose Account the transfer is to be made notwithstanding any information the Corporation may have to the contrary.

Any Participant or Pledgee delivering instructions as provided above, or on whose behalf the Special Representative shall deliver instructions as provided above, shall indemnify the Corporation, and any of its employees, officers, directors, stockholders, agents, Participants and Pledgees who may sustain any loss, liability or expense as a result of (a) any act done in reliance upon the authenticity of any instruction received by the Corporation, (b) the inaccuracy of the information contained therein or (c) effecting transactions in reliance upon such information or instruction against any such loss, liability or expense so long as such transactions are effected in accordance with such information and instructions even though they be inaccurate or not authentic and so long as the Person asserting a right to indemnification shall not have knowledge of such inaccuracy or lack of authenticity at the time of the event or events giving rise to such loss, liability or expense.

Notwithstanding the foregoing, the Corporation shall not act upon any instructions purporting to have been given by the Special Representative, or any instructions purporting to have been given by a Participant or Pledgee or the Special Representative by wire transmission, facsimile copy, magnetic tape or other recording media or any means other than in writing, commencing one Business Day after the Corporation receives notice from the Participant or Pledgee that the Corporation shall not accept such instructions until such time as the Participant or the Pledgee shall withdraw such notice.

In consideration of any action by the Corporation to provide for the exercise of dissenters' rights, appraisal rights or similar rights available to the Corporation's nominee as registered owner of Deposited Securities or Pledged Securities, any Participant or Pledgee seeking to avail itself of such rights, either on its own behalf or on behalf of others, shall indemnify and hold harmless the Corporation and any nominee of the Corporation in whose name such Securities are registered against all loss, liability and expense which they may sustain, without fault or negligence on the Corporation's or such nominee's part, as a result of any action they may take pursuant to the instructions of such Participant in exercising any such rights. The Corporation shall not be obligated to do any act in pursuance of such rights otherwise than pursuant to the reasonable instructions of such Participant and shall not be obligated to determine for itself, or for any other Person, the legal or other requirements to be followed or complied with in regard to the pursuit of such rights.

The term "Special Representative" of a Participant shall be NSCC but only insofar as NSCC acts on behalf of the Participant and (a) the Participant is a member of NSCC or (b) the Participant was a member of NSCC and the Corporation has not received notice that such Participant has ceased to be a member of NSCC.

If the Corporation (a) receives notice that an issuer of an Eligible Security has declared a stock or cash dividend on such Security or has authorized a stock split or combination or a distribution of rights or of other property or any other transaction with respect to such Security (a "Transaction") prior to the record date for the Transaction or (b) receives notice of a proposed meeting of holders of an Eligible Security or other occasion for the exercise of voting rights or the giving of consents ("Voting Rights") prior to the record date for the Voting Rights, the Corporation may (i) assign a cut-off date for the Transaction or Voting Rights or (ii) if such notice is received after the time which the Corporation, in its sole discretion, deems to be the proper cut-off date for such Transaction or Voting Rights, notify Participants that it will not assign a cut-off date for the Transaction or Voting Rights. If the Corporation assigns a cut-off date for the Transaction or Voting Rights and a Participant Deposits a Security subject to the Transaction or Voting Rights after the cut-off date, the Corporation shall not credit the proceeds of the Transaction to the Account of the Participant or provide for the exercise of the Voting Rights by the Participant. In the case of a Transaction, if a quantity of the Securities equivalent to the amount Deposited to the Account of the Participant after the cut-off date does not remain in the Account on the record date for the Transaction, the Corporation shall have the right to deduct from the Account the proceeds of the Transaction with respect to the quantity not remaining in the Account. In the case of Voting Rights, if a quantity of Securities equivalent to the amount Deposited to the Account of the Participant after the cut-off date does not remain in the Account on the record date for the exercise of the Voting Rights, the Corporation shall have the right to claim from the Participant, and the Participant shall be obligated to use its best efforts to obtain for the Corporation, appropriate proxies or Voting Rights from the registered owner of the Securities on the record date with respect to the quantity not remaining in the Account. The Corporation shall use its best efforts to effect the transfer of all certificates held by the Corporation representing such Security into the name of the Corporation's nominee. On or immediately after the record date for the exercise of Voting Rights, the Corporation shall use its best efforts to permit Participants to exercise Voting Rights in accordance with this Rule and the Procedures. The Corporation shall have no responsibility or obligation to Participants or others with respect to the exercise of Voting Rights except to use its best efforts to act in accordance with this Rule and the Procedures. Without limiting the generality of the foregoing, the Corporation shall have no responsibility in the event that (x) the Corporation, without fault on its part, receives insufficient notice of a proposed meeting to permit action in accordance with this paragraph, (y) the Corporation is unable, without fault on its part, to effect transfer of all certificates into the name of the Corporation's nominee prior to the record date or (z) no record date for a Transaction or the exercise of Voting Rights is established by the issuer.

The Corporation shall not have any lien on or other interest in any Segregated Securities. The Collateral Value of Segregated Securities shall not be included in the Collateral Monitor for a Participant.

The Corporation may, as necessary to protect itself and its Participants, in its reasonable judgment, Devalue Securities; any Devaluation shall apply for internal credit and collateralization purposes only and is not intended to prejudice the underlying rights and obligations of the parties to any transaction in those Securities or of Participants generally, subject to applicable law, rules or regulations, or agreements as such rights and obligations may be determined or adjudicated outside the Corporation. The Corporation may, in its sole discretion, subsequently restore Devalued Securities to their original Collateral Value or any intermediate Collateral Value which the Corporation shall determine is appropriate and in the best interests of the Corporation and its Participants.