# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………….... i-iv

PRELIMINARY STATEMENT…......……………………………..…………………….. 1

FACTUAL BACKGROUND..………………………………………………...…… 6

ARGUMENT: PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION SHOULD BE GRANTED……………………………….……….…..…… 7

    I.       Olde Monmouth Will Suffer Irreparable Injury and Extreme
             Damage in the Absence of Injunctive Relief……………………………….... 8

    II.     Plaintiff Can Clearly Show That It Is Entitled To A Preliminary
             Injunction…………………………………………………………… 10

             Defendants Have Monopoly Power In The Relevant Market……………. 10

             A.      Plaintiff Is Entitled To A Preliminary Injunction Because It Can
                      Demonstrate Defendants' Attempted Monopolization……………… 14

             B.      Plaintiff Is Entitled To A Preliminary Injunction Under
                      The "Essential Facility" Antitrust Doctrine………………………… 16

             C.      Plaintiff Is Entitled To A Preliminary Injunction Under The Supreme
                      Court's Ruling In *Aspen Skiing*………………………………………. 18

    III.    Although Presently Moot, Plaintiff Also Is Entitled To A Preliminary
             Injunction To Prevent Tortious Interference With Prospective Economic
             Advantage Under New Jersey Law……………………………………. 20

CONCLUSION…………………………………………………………………… 22

# TABLE OF AUTHORITITES

## NEW JERSEY STATUES

New Jersey Antitrust Laws § 9-3……………………………………………………………… 7

New Jersey Antitrust Laws § 9-4…………………………………………………… 13-14

## FEDERAL STATUES

Fed. R. Civ. P. 65……………………………………………………………………….... 1

Sherman Antitrust Act § 1 ……........………………………………………………... 7

Sherman Antitrust Act § 2 …….....…………………..……………………............. 11-14, 18

## NEW JERSEY CASES

*Printing Mart-Morristown v. Sharp Elecs. Corp.*,
        116 N.J. 739, 563 A.2d 31 (1989)…………………………………………. 21

*Van Natta Mech. Corp. v. Di Staulo,*
        277 N.J. Super. 175,  649 A.2d 399  (1994)…………………………………. 11

## FEDERAL CASES

*A.I.B. Express, Inc. v. Fedex Corp.,*
        358 F.Supp.2d 239 (S.D.N.Y. 2004)…………..……………………………… 16, 18

*AIM Int'l Trading, LLC v. Valcucine SpA.,*
        188 F.Supp.2d 384 (S.D.N.Y. 2002)…………..……………………………….. 7-9

*Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*,
        472 U.S. 585, 105 S.Ct. 2847 (1985)…………………………… 11, 13, 16, 18-19

*Berkey Photo, Inc. v. Eastman Kodak Co.,*
        603 F.2d 263 (2d Cir.1979)………………………………………………….... 11

*City of Anaheim v. Southern California Edison Co.,*
        955 F.2d 1373 (9th Cir. 1992)………………………………………………... 17

*Eon Labs Mfg., Inc. v. Watson Pharms., Inc.*,
        164 F.Supp.2d 350 (S.D.N.Y. 2001)……………………………………………… 11

*Ernest Paper Prods., Inc. v. Mobil Chem. Co., Inc.,*
No. CV95-7918 LGB (AJWX), 1997 WL 33483520……………………………. 4

*Fishman v. Estate of Wirtz,*
807 F.2d 520 (7th Cir. 1986)……………………………………………….. 4

*Geneva Pharms. Technology Corp. v. Barr Labs., Inc.,*
201 F.Supp.2d 236 (S.D.N.Y. 2002)……………………..…………… 14, 21

*Givenchy S.A. v. William Stuart Indus.,*
No. 85 CIV 9911, 1986 WL 3358 (S.D.N.Y. 1986)…………………………... 8

*Great W. Directories v. Southwestern Bell Tel.,*
63 F.3d 1378 (5th Cir. 1995)
*modified on other grounds*, 74 F.3d 613 (5th Cir.)
*cert. dismissed*, 518 U.S. 1048 (1996)……………………..………….. 13, 14

*Hecht v. Pro-Football, Inc.,*
570 F.2d 982 (D.C.Cir.1977) (emphasis added),
*cert. denied,* 436 U.S. 956, 98 S.Ct. 3069, 57 L.Ed.2d 1121 (1978)…………… 17

*H.L. Hayden Co. v. Siemens Medical Sys., Inc.,*
879 F.2d 1005 (2d Cir. 1989)……………………………………………. 14

*Intellective, Inc. v. Massachusetts Mut. Life Ins. Co.,*
190 F.Supp.2d 600 (S.D.N.Y. 2002)………………………….....……… 15-16

*Interface Group v. Massachusetts Port Auth.,*
816 F.2d 9 (1st Cir. 1987)…………………………………………….. 17

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,*
596 F.2d 70 (2d Cir. 1979)……………………………………………… 10

*National Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs. Corp.,*
850 F.2d 904 (2d Cir. 1988)……………………………………………... 15

*New York Mercantile Exch., Inc. v. Intercontinental Exch., Inc.,*
323 F.Supp.2d 559 (S.D.N.Y. 2004)……………………………….....…… 16

*Northeastern Tel. Co. v. American Tel. & Tel. Co.,*
651 F.2d 76 (2d Cir. 1981),
*cert. denied*, 455 U.S. 943, 102 S.Ct. 1438 (1982)………………………….. 15-16

*Spectrum Sports, Inc. v. McQuillan,*
506 U.S. 447, 113 S.Ct. 884 (1993)……………………..……………….. 14-16

*Sutter Home Winery v. Vintage Selections,*
  971 F.3d 401 (9th Cir. 1992)…………………………………………………... 4

*Twin Labs., Inc. v. Weider Health & Fitness*,
  900 F.2d 566 (2d Cir. 1990)…………………………………………….... 16-17

United States v. E.I. du Pont de Nemours & Co.,
  351 U.S. 377, 76 S.Ct. 994 (1956)
  cert. denied, 444 U.S. 1093 (1980)……………………………………….. 11-12

*United States v. Grinnell Corp.,*
  384 U.S. 563, 86 S.Ct. 1698 (1966)…………………………………….. 12

*United States v. Microsoft Corp. ,*
  253 F.3d 34 (D.C. Cir.)*,*
  *cert. denied,* 534 U.S. 952 (2001),
  *aff'd, Massachusetts v. Microsoft Corp.,* 373 F.3d 1199 (D.C. Cir. 2004)……... 12

*Vantico Holdings S.A. v. Apollo Mgmt., LP,*
  247 F.Supp.2d 437 (S.D.N.Y. 2003)…………………………………….. 7

*Varallo v. Hammond, Inc.,*
  94 F.3d 842 (3d Cir. 1996)…………………………………………… 21

*Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LLP,*
  540 U.S. 398, S.Ct. 872 (2004)……………………………………… 16

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,*
  382 U.S. 172, 86 S.Ct. 347 (1965)…………………..………………… 11, 16

*Yankees Entertainment & Sports Network, LLC v. Cablevision Systems Corp.,*
  224 F.Supp.2d 657 (S.D.N.Y. 2002)…………………………………… 15

**SECONDARY SOURCES**

Antitrust Law: An Analysis of Antitrust Principles and Their Application
(Second Edition)…………..……………………………………………… 17-19