UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

OLDE MONMOUTH STOCK
TRANSFER CO., INC.,

          Plaintiff/Counterclaim-Defendant,

      vs.                                                         07 CV 0990 (CSH)

THE DEPOSITORY TRUST & CLEARING     **ANSWER AND COUNTERCLAIM**
CORPORATION and THE DEPOSITORY
TRUST COMPANY,

          Defendants/Counterclaim-Plaintiffs.
-------------------------------------------------------------X

Defendants The Depository Trust & Clearing Corporation and The Depository Trust Company (collectively, "DTC"), by and through their undersigned counsel, file this original answer and counterclaim to plaintiff's verified complaint, and state as follows:

1.      DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and accordingly denies them, except admits that Plaintiff Olde Monmouth Stock Transfer Co., Inc. ("OMST") acts as a transfer agent.

2.      DTC admits the allegations of paragraph 2, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that DTCC "support" its subsidiaries, as the meaning of that terminology is unclear.

3.      DTC admits the allegations of paragraph 3.

4.      DTC denies the allegations of paragraph 4.

5.      The allegations in paragraph 5 concerning alleged "monopoly" and "influence" relate only to the causes of action which have been dismissed and therefore no response is required. With respect to the remaining allegations of paragraph 5, DTC admits that it acts as custodian for various stock issues, admits that it offers a Direct Registration System ("DRS")

1

service, admits that certain stock exchanges have recently expressed an intent to in the future require stocks traded on their exchanges to use DRS, and denies the remaining allegations of paragraph 5.

6.    The allegations of paragraph 6 constitute legal conclusions as to which no response is required.

7.    The allegations of paragraph 7 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

8.    DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and accordingly denies them.

9.    DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and accordingly denies them.

10.    DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and accordingly denies them, except admits that OMST acts as a stock transfer agent, and admits that no written contract exists between DTC and OMST.

11.    DTC admits that it is a registered clearing agency, established in 1973, which acts as the nation's principal securities depository and maintains custody of securities certificates on behalf of its Participants, the nation's major banks and brokerage firms. DTC further admits that it operates an automated, centralized system for book-entry transfers of those certificates among its Participants, who are the beneficial owners of the securities, in accordance with their instructions. DTC further admits that, by serving as record holder of trillions of dollars of securities, it enables the automated movement of securities positions among beneficial owners without the need to transfer paper indicia of ownership, and denies the remaining allegations of this paragraph.

12.    DTC admits that the National Securities Clearing Corporation ("NSCC") is a wholly-owned subsidiary of The Depository Trust & Clearing Corporation, admits that NSCC provides centralized clearance, settlement and information services for virtually all broker-to-broker equity, corporate bond and municipal bond and other securities transactions in the United States, admits that, according to promotional materials, in 2004 NSCC processed approximately 5.8 billion securities transactions, with a total value of approximately $100.4 trillion, and denies the remaining allegations of paragraph 12.

13.    DTC admits that OMST, as a stock transfer agent, interacts with DTC, admits that the role of a stock transfer agent includes, *inter alia*, maintaining accurate records of the day-to-day ownership of shares of the issues which use that stock transfer agent, and denies the remaining allegations of this paragraph.

14.    DTC admits that OMST, like all transfer agents, charges transaction fees to DTC for its services and denies the remaining allegations of this paragraph.

15.    DTC admits that OMST has engaged in business dealings with DTC in the role of a transfer agent for over fifteen years and denies the remaining allegations of this paragraph.

16.    The allegations of paragraph 16 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.[1]

17.    The allegations of paragraph 17 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

18.    The allegations of paragraph 18 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

---

[1]    All paragraphs to which DTC does not respond because they relate only to causes of action that have been dismissed should be deemed denied.

19.     The allegations of paragraph 19 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

20.     The allegations of paragraph 20 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

21.     The allegations of paragraph 21 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

22.     The allegations of paragraph 22 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

23.     The allegations of paragraph 23 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

24.     The allegations of paragraph 24 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

25.     The allegations of paragraph 25 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

26.     The allegations of paragraph 26 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

27.     The allegations of paragraph 27 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

28.     The allegations of paragraph 28 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

29.     The allegations of paragraph 29 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

30.     The allegations of paragraph 30 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.  To the extent that the allegations of subparagraph 30(i) are intended to relate to the remaining cause of action, DTC admits that John C. Troster sent a letter to Larry Thompson, dated January 25, 2007, refers to that letter for an accurate and complete description of the contents thereof, and denies the remaining allegations of this subparagraph.

31.     DTC admits that in or about July 2006, OMST began to implement dramatic increases in the fees it charged to DTC for its stock transfer services, and denies the remaining allegations of this paragraph.

32.     DTC admits that OMST represented that it would revert to its prior fee schedule were DTC to appoint it as a FAST agent, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33.     The allegations of paragraph 33 constitute a legal conclusion as to which no response is required.

34.     DTC admits that it has not appointed OMST as a FAST agent and denies the remaining allegations of paragraph 34.

35.     DTC admits that, after OMST began to implement its exorbitant fee increases, and charge such fee increases only with respect to transactions implemented through DTC, thus encouraging transactions to take place outside the Congressionally-mandated uniform and efficient indirect holding system, DTC began to consider the need to chill physical activity in the issues that were clients of OMST, and to which these exorbitant and unequal fee structures were being applied.  DTC further admits that it advised one such issuer, PAID, Inc., that a chill of

physical activity was under consideration by telephone conversation on or about January 17, 2007. DTC denies the remaining allegations of paragraph 35.

36.    DTC admits that, after OMST began to implement its exorbitant fee increases, and charge such fee increases only with respect to transactions implemented through DTC, thus encouraging transactions to take place outside the Congressionally-mandated uniform and efficient indirect holding system, DTC began to consider the need to chill physical activity in the issues that were clients of OMST, and to which these exorbitant and unequal fee structures were being applied. DTC further admits that it advised one such issuer, ERF Wireless, that a chill of physical activity was under consideration by telephone conversation on or about January 26, 2007. DTC denies the remaining allegations of paragraph 36.

37.    DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and accordingly denies them.

38.    DTC denies the allegations in paragraph 38.

39.    DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and accordingly denies them, except denies that DTC has unilaterally excluded OMST.

40.    DTC denies the allegations in paragraph 40.

## FIRST CAUSE OF ACTION

41.    Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

42.    The allegations of paragraph 42 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

43.    The allegations of paragraph 43 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

44.    The allegations of paragraph 44 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

45.    The allegations of paragraph 45 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

46.    The allegations of paragraph 46 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

47.    The allegations of paragraph 47 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

48.    The allegations of paragraph 48 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

49.    The allegations of paragraph 49 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

50.    The allegations of paragraph 50 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## SECOND CAUSE OF ACTION

51.    Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

52.    The allegations of paragraph 52 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

53.    The allegations of paragraph 53 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

54.     The allegations of paragraph 54 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## THIRD CAUSE OF ACTION

55.     Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

56.     The allegations of paragraph 56 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

57.     The allegations of paragraph 57 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

58.     The allegations of paragraph 58 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

59.     The allegations of paragraph 59 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## FOURTH CAUSE OF ACTION

60.     Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

61.     The allegations of paragraph 61 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

62.     The allegations of paragraph 62 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

63.     The allegations of paragraph 63 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

64.    The allegations of paragraph 64 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

65.    The allegations of paragraph 65 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

66.    The allegations of paragraph 66 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

67.    The allegations of paragraph 67 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

68.    The allegations of paragraph 68 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## FIFTH CAUSE OF ACTION

69.    Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

70.    The allegations of paragraph 70 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

71.    The allegations of paragraph 71 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

72.    The allegations of paragraph 72 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## SIXTH CAUSE OF ACTION

73.    Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

74. The allegations of paragraph 74 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

75. The allegations of paragraph 75 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

76. The allegations of paragraph 76 and its subparagraphs relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

77. The allegations of paragraph 77 relate only to the causes of action which have been dismissed by the Court, and therefore no response is required.

## SEVENTH CAUSE OF ACTION

78. Defendant repeats and incorporates its answers set forth in the preceding paragraphs.

79. DTC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. DTC denies the allegations of paragraph 80.

81. DTC denies the allegations of paragraph 81.

82. DTC denies the allegations of paragraph 82.

## AFFIRMATIVE DEFENSES

83. DTC, still urging and relying on matters already alleged in this Answer, further alleges by way of affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages were caused, in whole or in part, by Plaintiff's own conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived its claim.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting its claim.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' conduct was privileged.

## COUNTERCLAIMS

1.    DTC repeats and realleges its admissions and denials set forth above as if fully set forth herein.

2.    Beginning in or about late July 2006, OMST began to double the fees it charged DTC for its transfer agent services.

3.    OMST continued to double its fees multiple times, until, by October 8, 2006, OMST charged DTC $700.00 for each withdrawal by transfer service it performed – a service that, in June of 2006, OMST charged at $35.00.

4.    OMST had no rational or legitimate business motive for these increases. Indeed, because OMST represented to DTC that it would escrow the amounts of the excess fees and return them to DTC were DTC to accede to its demands to be named as a FAST agent, OMST clearly had no legitimate business justification for charging the exorbitant fees. Further, OMST's fee increases were unrelated to any increase in costs for providing services to DTC,

11

which costs, on information and belief, remained unchanged throughout the period of OMST's charging of these exorbitant fees.

5.    OMST's new fee structure was many times in excess of the fees charged by any other transfer agent to DTC.

6.    Although OMST represented to DTC that its increased fees were charged equally to all entities that used its services, in fact that representation was false. OMST privately informed the issuers which were its clients that, if they requested services from OMST outside of the DTC depository system, OMST would charge the issues at its pre-July 2006 rates. OMST also offered to reimburse issuers for which it served as transfer agent the difference between its new and old fee structures if any of the new charges were "passed through" from DTC to the issuers.

7.    Accordingly, the sole entity forced to pay OMST excessive fee structure was DTC.

8.    Because OMST is the sole transfer agent that performs transfer services for the issuers that are its clients, in order for DTC to accept and process transactions for securities of these issuers, pursuant to its legal mandate to perform such services, it had no choice but to pay OMST's fees.

9.    As of the date of this Answer, DTC has been compelled to pay OMST approximately $1.1 million in fees over and above OMST pre-July 2006 fee structure.

10.    OMST's discriminatory pricing intentionally and foreseeably had the effect of encouraging its clients to clear and settle their securities transactions outside the centralized book-entry system created by DTC, thus creating significant inefficiencies and risks that the book-entry system was designed to mitigate.

12

11.    OMST's sole motivation for its excessive and discriminatory pricing structure was to injure DTC and to coerce it illegally to accede to OMST's unjustified demands.  OMST's conduct was outrageous, shocking to the conscience and damaging to the public generally.

### FIRST COUNTERCLAIM (PRIMA FACIE TORT)

12.    DTC repeats and realleges the allegations above as if fully set forth herein.

13.    OMST intentionally inflicted harm on DTC through its imposition of excessive and discriminatory fees.

14.    OMST had no legitimate excuse or justification for its conduct.

15.    As a direct, foreseeable and intended result of OMST's excessive and discriminatory pricing, DTC was damaged in that it was forced to pay approximately $1.1 million in excess fees to OMST.

## PRAYER

WHEREFORE, DTC respectfully asks the Court to enter judgment

(i) that plaintiff take nothing and that plaintiff's suit be dismissed with prejudice;

(ii) that judgment be entered against plaintiff and in favor of defendants on defendants' counterclaim for prima facie tort for actual damages in the amount of at least $1.1 million and punitive damages in the amount of at least $5 million; and

(iii) such other and further relief to which defendants may be entitled, including the recovery of attorney's fees and costs.

Dated: May 3, 2007

PROSKAUER ROSE LLP

By: _/s/ Karen D. Coombs_____
    Gregg M. Mashberg (GM-4022)
    Karen D. Coombs (KC-3538)
    Dolores DiBella (DD-9637)

    1585 Broadway
    New York, NY 10036
    (212) 969-3000
    *Attorneys for Defendants*